G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-2730
tom@plglawfirm.com

Attorneys for Plaintiff,
OTIS MCKINNEY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS MCKINNEY, <br><br>    Plaintiff, <br><br>    vs. <br><br> PERFORMANT RECOVERY, INC.; and DOES 1 through 10, inclusive, <br><br>    Defendants. | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** <br><br> **Demand Does Not Exceed $10,000** |

## COMPLAINT

### *I.    INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiff Otis McKinney, an individual consumer, against defendant Performant Recovery, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et*

COMPLAINT AND DEMAND FOR JURY TRIAL

- 1 -

- 1 -

*seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.  PARTIES

3. Plaintiff, Otis McKinney, is a consumer, a natural person allegedly obligated to pay any debt, residing in the state of Texas.

4. Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debt in this state with its principal place of business located in Alameda County at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due to another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Cal. Civ. Code § 1788.2.

## IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at their place of employment after being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's co-worker, who is not a co-signer on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA.

9. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in Plaintiff feeling stressed, amongst other negative emotions.

10. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

11. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

12. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt by lying to and misleading Plaintiff.

## V.  CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated *§1692b(2)* of the FDCPA by telling a third party that the Plaintiff owes an alleged debt; and

   (b) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

   (c) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

(d) Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

(e) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Otis McKinney for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant, Performant Recovery, Inc. for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that plaintiff Otis McKinney demands trial by jury in this action.

Respectfully submitted this 1st day of April, 2014,

**PRICE LAW GROUP APC**

By:   /s/ G. Thomas Martin, III
      G. Thomas Martin, III
      Attorney for Plaintiff